IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF FLORIDA
(Gainesville Division)

JARED G. WOLFFIS,                                              Case No.: 1:14-cv-130

    Plaintiff,

v.

THE CITY OF GAINESVILLE, FLORIDA,
a municipal corporation, and
OFFICER CHARLES OWENS, in his individual capacity,

    Defendants.                                                              /

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

The Plaintiff, JARED G. WOLFFIS, (hereinafter "Plaintiff" or "WOLFFIS") by and through his undersigned attorneys, sues the Defendants, CITY OF GAINESVILLE, FLORIDA acting through its delegated agent, the Gainesville Chief of Police, (hereinafter "CITY OF GAINESVILLE") and Gainesville Police Officer CHARLES OWENS (hereinafter "OFFICER OWENS"), and states:

CAUSE OF ACTION

    1.    This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, the IV and XIV Amendments to the United States Constitution, Florida Statute § 768.28, and the State of Florida Constitution, Article I, §§ 2, 9 and 12.

## JURISDICTION AND VENUE

2. This court has federal question jurisdiction of this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of the pendant state claims pursuant to 28 U.S.C. § 1367.

3. This is an action for damages in excess of $75,000, exclusive of interests, costs and attorney's fees.

4. All actions took place within the Northern District of Florida and venue is proper within the Northern District of Florida

## PARTIES

5. At all times material WOLFFIS was a resident of Alachua County, State of Florida, and the United States of America, including on August 4, 2010.

6. At all times referenced herein, Defendant OFFICER OWENS was and continues to be employed by the City of Gainesville Police Department.

7. At all times material, the CITY OF GAINESVILLE was a municipal corporation under the laws of the State of Florida and the United States of America.

8. At the time of the incident complained herein, TONY JONES was the Chief of Police for the CITY OF GAINESVILLE. As such, he was responsible for making policy for the department and ensuring that the officers under his command, including OFFICER OWENS, conducted themselves properly and received appropriate training, supervision, and discipline.

9. At the time of the incident complained herein, the CITY OF

GAINESVILLE had the responsibility and obligation to investigate all incidents relating to officers' conduct and discipline, including that of OFFICER OWENS.

10. At the time of the incident complained herein, the CITY OF GAINESVILLE was responsible for handling complaints relating to the conduct of police officers.

11. The Plaintiff sues the CITY OF GAINESVILLE, acting through the Gainesville Chief of Police, in his official capacity.

12. The Plaintiff sues OFFICER OWENS in his individual capacity.

13. At all times referred to herein, the Defendants were acting under the color of the law, statute, ordinance, regulations, policies, customs, and usages of the United States of America, State of Florida, and the City of Gainesville, Florida.

GENERAL ALLEGATIONS

14. On or about August 4, 2010, at approximately 3:53 a.m., Plaintiff WOLFFIS was a passenger in a Ford truck driven by Bryan Urban ("Urban") that had been pulled over by Officer Marquitta Davis and field training Officer Lugo of the Gainesville Police Department ("GPD") for suspicion of prowling and loitering.

15. In her report Officer Davis stated she conducted the traffic stop to allow Urban and WOLFFIS to explain their conduct. As Officer Davis approached the vehicle WOLFFIS exited the vehicle and walked away from the scene.

16. Officers Davis and Lugo questioned Urban post-Miranda where it was established that WOLFFIS had been consuming copious amounts of alcohol throughout

the night of the incident and that Urban was the designated driver.

17. Several GPD officers responded to the scene and established a perimeter.

18. At approximately 4:05 a.m. OFFICER OWENS arrived on scene with his police canine, Justice, where he met with Officer Davis who provided a physical description of WOLFFIS.

19. OFFICER OWENS released Justice from his leash. OFFICER OWENS knew his dog Justice is trained to track a person and bite the person he finds.

20. OFFICER OWENS knew or should have known that WOLFFIS was highly intoxicated and could not have resisted OFFICER OWENS or any of the GPD officers present at the scene.

21. At no time did OFFICER OWENS announce his presence, or the presence of his police canine Justice, nor did he issue a warning that would have provided WOLFFIS with an opportunity to surrender.

22. WOLFFIS had no idea he was being pursued. He had no other warning than the sound of boots and the panting of the canine roughly ten seconds before police canine Justice attacked him from behind. WOLFFIS screamed "He's got me!"

23. The canine, Justice, was trained to apprehend suspects by biting them and then holding on to the suspect, continuously reestablishing the bite until the canine is removed from the suspect by its police handler.

24. Pursuant to this training, when the canine Justice apprehended WOLFFIS, the canine bit him and continuously reestablished his bite until removed by OFFICER

OWENS.

25. OFFICER OWENS would not release the dog until WOLFFIS showed his hands, which was almost impossible given the circumstances of the attack.

26. As a result of OFFICER OWENS actions, WOLFFIS sustained horrific permanent injuries to his left posterior thigh and calf.

27. At the time of this incident and to date, the CITY OF GAINESVILLE does not have an adequate system of review of its records of use of force, and more particularly, the use of canine force by its officers.

28. At the time of this incident and to date, the CITY OF GAINESVILLE has failed to install an adequate internal affairs review process within the Gainesville Police Department.

29. At the time of this incident and to date, the CITY OF GAINESVILLE has failed to acknowledge and adequately protect against the potential for serious and permanent injuries caused by use of force from its canine unit.

30. The use of force against WOLFFIS was wholly unnecessary; it did not accomplish any legitimate law enforcement purpose under the circumstances presented to OFFICER OWENS.

31. The illegal use of canine force against WOLFFIS was foreseeable given the gap in the canine training and policy established by the CITY OF GAINESVILLE, which was or should have been known to him based on prior instances of canine bite apprehensions of other persons who have been highly intoxicated.

32. To date, the CITY OF GAINESVILLE has failed to promulgate and maintain adequate policies regarding the use of force and, more specifically, the use of force by police canines.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS AS TO OFFICER OWENS**
**BASED ON EXCESSIVE USE OF FORCE**

33. The Plaintiff incorporates paragraphs 1 through 32 above as if fully set forth herein.

34. The degree of force utilized by OFFICER OWENS in order to accomplish the apprehension and seizure of Plaintiff's person was unreasonable under the Fourth Amendment of the United States Constitution.

35. The unlawful physical attack on the Plaintiff committed by OFFICER OWENS was affected under the color of law and his authority as a police officer for the City of Gainesville.

36. The acts of OFFICER OWENS as set forth herein were unlawful, willful and wanton.

37. As a direct and proximate result of the illegal actions of OFFICER OWENS, the Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against the use of excessive force, in violation of his rights protected by the Fourth Amendment to the United States Constitution.

38. As a direct and proximate result of the excessive use of force by OFFICER OWENS, Plaintiff suffered grievous bodily harm, including permanent

injuries to his body as well as psychological damages, pain and suffering, and medical expenses, then and into the future.

WHEREFORE, the Plaintiff, JARED G. WOLFFIS respectfully requests a jury trial and judgment against OFFICER OWENS for compensatory damages, punitive damages, costs of suit, including the Plaintiff's reasonable attorneys' fees, and such other relief as the Court deems proper.

## COUNT II
## VIOLATION OF CIVIL RIGHTS AS TO THE CITY OF GAINESVILLE

39. By reference, the Plaintiff incorporates each and every paragraph 1 to 32 and paragraphs 34, 35, and 36, as if fully set forth herein.

40. The CITY OF GAINESVILLE is vested by state law with the authority to make policy for the City, including policies for the police force regarding how to properly affect an arrest and circumscribing the lawful use of force in doing so. The CITY OF GAINESVILLE has delegated that authorization to the Chief of Police, Tony Jones.

41. The CITY OF GAINESVILLE Police Department has a history of widespread abuse and excessive use of force and the CITY OF GAINESVILLE has been deliberately indifferent to this conduct.

42. At the time of this incident the CITY OF GAINESVILLE had a policy authorizing the use of force by means of a trained attack dog without requiring the police officer to verify that a crime had been committed.

43. The CITY OF GAINESVILLE and the Chief of Police were aware of this pattern of abuse, and excessive force by its police officers, having received numerous reports of officer misconduct, and knew or should have known that the City's policies regarding the training and discipline of officers accused of excessive force, including misuse of police canines, were so inadequate that it was obvious that a failure to correct them would result in further incidents of illegal conduct by police officers.

44. Despite this knowledge, the CITY OF GAINESVILLE and the Chief of Police failed to take any corrective action.

45. The CITY OF GAINESVILLE and Chief of Police failed to properly train and supervise OFFICER OWENS such that he would not use his police canine to bite highly intoxicated individuals.

46. At all times relevant to this Complaint, the Gainesville Chief of Police was acting pursuant to his delegated authority of the CITY OF GAINESVILLE and pursuant to the official policy, practice, and custom of the CITY OF GAINESVILLE and the Gainesville Police Department.

47. At all times relevant to this Complaint, the CITY OF GAINESVILLE intentionally, knowingly or recklessly failed to instruct, supervise, control, and discipline his police officers in order to prevent them from using unreasonable and excessive force during an arrest, which caused or contributed to the violation of Plaintiff's rights as protected by the Fourth Amendment to the United States Constitution.

48. Defendant CITY OF GAINESVILLE and the Chief of Police had

knowledge of, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge of the deficiencies within the department that caused and contributed to the acts complained of herein.

49. Defendant CITY OF GAINESVILLE and the Chief of Police had the power to prevent the commission of wrongs committed herein, including excessive use of force and could have done so by reasonable diligence, but they intentionally, knowingly, and recklessly failed to do so.

50. Defendant CITY OF GAINESVILLE and the Chief of Police, acting under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of OFFICER OWENS.

51. As a direct and proximate cause of the acts and omissions stated herein, WOLFFIS suffered grievous bodily harm, including permanent injuries to his body as well as psychological damages, pain and suffering, and medical expenses, then and into the future.

52. WHEREFORE, the Plaintiff, JARED G. WOLFFIS respectfully requests a jury trial and judgment against the CITY OF GAINESVILLE for compensatory damages, costs of suit, including the Plaintiff's reasonable attorneys' fees, and such other relief as the Court deems proper.

### COUNT III
### BATTERY AS TO CITY OF GAINESVILLE

53. The Plaintiff incorporates paragraphs 1 through 32 above as if fully set forth herein.

9

54.     This claim is brought pursuant to Florida Statute § 768.28.

55.     All conditions precedent to this action, including pre-suit notification to the Defendants, has occurred or has been performed.

56.     At the time of the event giving rise to this action, OFFICER OWENS was an employee of the Defendant, CITY OF GAINESVILLE, and was acting in the course and scope of his employment by affecting a police seizure of a citizen.

57.     During the apprehension of the Plaintiff, OFFICER OWENS committed a battery upon Plaintiff by releasing and commanding his trained police canine to attack Plaintiff, resulting in an excessive use of force that was not reasonable under the circumstances presented.

58.     OFFICER OWENS was not in any real or immediate danger of being subjected to any physical force by the Plaintiff who was highly intoxicated after an evening of consuming alcohol.

59.     As a direct and proximate result of the conduct of OFFICER OWENS, WOLFFIS suffered grievous bodily harm, including permanent injuries to his body as well as psychological damages, pain and suffering, and medical expenses, then and into the future.

WHEREFORE, the Plaintiff JARED G. WOLFFIS respectfully requests a jury trial and judgment against the CITY OF GAINESVILLE for compensatory damages, costs of suit, including the Plaintiff's reasonable attorneys' fees, and such other relief as the Court deems proper.

DATED this 16th day of July 2014.

                    LAW OFFICE OF ROBERT A. RUSH, P.A.

                    /s/   Robert A. Rush
                    Robert A. Rush
                    Florida Bar No.: 0559512
                    11 S.E. 2nd Avenue
                    Gainesville, Florida  32601
                    Tel:  (352) 373-7566
                    Fax:  (352) 376-7760
                    Attorney for Plaintiff