UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JARED G. WOLFFIS,

    Plaintiff,                                         CASE NO. 1:14-cv-130-MW-GRJ

vs.

THE CITY OF GAINESVILLE, FLORIDA,
a municipal corporation, and
OFFICER CHARLES OWENS, in his individual capacity,

    Defendants
_____/

## CITY OF GAINESVILLE'S NOTICE OF FILING TONY JONES AFFIDAVIT AS EXHIBIT 1 TO MOTION FOR SUMMARY JUDGMENT

The Defendant, CITY OF GAINESVILLE, FLORIDA, by and through its undersigned counsel, hereby gives notice of filing the Affidavit of Gainesville Police Chief Tony Jones with its attached exhibits, which follows as Exhibit 1 to the City's Motion for Summary Judgment filed in this matter.

The exhibits attached to the affidavit are as follows:

A.      General Order 26.1 – Rules of Conduct;

B.      General Order 1.3 – Arrests;

C.      General Order 1.5 – Use of Force;

D.      Canine Unit Standard Operating Procedures Manual;

E.      General Order 26.5 – Disciplinary System and Investigative Process;

F.      City of Gainesville Policy 19;

G.      Charles Owens Investigation Summary Sheet;

1

H.    Charles Owens Training History;

I.    General Order 33.1 – Department Training Program;

J.    GPD Training Courses, January 2010 – May 2013

K.    (Composite) Canine Apprehension Report and

Use of Force Report;

L.    Use of Force Review Summary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **April 7, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to the following: Robert A. Rush and John W. Jolly, Jr. I further certify that I sent the foregoing document and the notice of electronic filing by E-mail to the following non-CM/ECF participants: N/A.

> **/s/ Linda L. Winchenbach**
> Florida Bar No. 0749249
> John M. Green, Jr., P.A.
> 125 N.E. First Ave., Ste. 2
> Ocala, Florida 34470
> Tel: (352) 732-9252
> Fax: (888) 545-7282 – Toll Free
> E-Mail: lwinchenbach@me.com
> Attorneys for Defendant, City of Gainesville

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JARED G. WOLFFIS,

    Plaintiff,                                CASE NO. 1:14-cv-130-MW-GRJ

vs.

THE CITY OF GAINESVILLE, FLORIDA,
a municipal corporation, and
OFFICER CHARLES OWENS, in his individual capacity,

    Defendants
_____/

## AFFIDAVIT OF TONY JONES

STATE OF FLORIDA
COUNTY OF ALACHUA

    BEFORE ME, the undersigned authority, appeared the Affiant, TONY JONES, who being duly sworn, did depose and say:

1.    I am sui juris and make the statements herein of my personal knowledge.

2.    I am the Chief of Police of the Gainesville Police Department, Gainesville, Florida, and held that position on August 4, 2010.

3.    All exhibits attached to this affidavit are being filed separately with the Court and are incorporated herein.

4.    The Gainesville Police Department ("GPD") and the City of Gainesville had in place on August 4, 2010, formal policies which included, among others: (A) General Order 26.1 – Rules of Conduct with Addendum; (B) General Order 1.3 – Arrests; (C) General Order 1.5 – Use of Force; (D) the Canine Unit Standard Operating Procedures Manual; (E) General Order 26.5 – Disciplinary System and Investigation Process; and (F) City of Gainesville Policy 19.

1



Copies of these documents are attached hereto as Exhibits A-F, respectively. Part of City Policy 19 is also included in General Order 26.1.

5.Officer Charles Owens, who was involved in the subject incident on August 4, 2010, has an excellent record with the GPD, with no disciplinary actions. A summary list of internal affairs investigations regarding Officer Owens is attached as Exhibit G. The GPD had no reason to be on notice that Officer Owens might need additional training or supervision prior to the incident, or that the training and supervision of its officers was deficient and might need to be changed to prevent mishandling of a police dog in the apprehension of a suspect. Likewise, the GPD had no reason to be on notice that new or revised policies might be needed to prevent mishandling of a canine and was not deliberately indifferent to that possibility prior to this incident.

6.GPD officers receive continuous training in all areas of law enforcement and Officer Owens did also. Attached as Exhibit H is his training history, which includes his many certifications to be a K-9 handler, including on August 4, 2010. (This certificate is on page 9 of the exhibit.)

7.Areas in which officers receive training at the GPD include, among others, probable cause and the proper use of force. General Order 33.1 – Department Training Program, attached as Exhibit I, provides guidelines for the training offered. It states that annual training in the use of force and legal updates is mandatory. (Exh. I, p. 2.) Also attached, as Exhibit J, is a list of all the training courses provided by the GPD from January 2010 to May 2013.

8.General Order 26.1 – Rules of Conduct provides the guidelines of the professional conduct required of GPD members. (Exh. A.) An addendum to the policy is a copy of the City of Gainesville's Rule 19 appendix setting out the minimum disciplinary actions for various infractions.

9. General Order 1.3 – Arrests provides procedures to ensure that only arrests based on probable cause are made by officers and that they do not knowingly violate any person's constitutional rights. (Exh. B.)

10. General Order 1.5 – Use of Force sets out guidelines for the use of force by GPD officers. (Exh. C.) The general order contains a force continuum model listing various degrees of force and the situations in which they are appropriate. It states the use of animals (canines and horses) could fall at any of the levels of control, depending on the type and training of the animal, the situation, and the needed response to the situation. (Exh. C, p. 7.)

11. The Canine Unit Standard Operating Procedures Manual gives procedural guidelines for K-9 handlers to follow. (Exh. D.) The manual states that apprehension with a police dog must follow departmental regulations dealing with the use of force and references the use of force continuum in General Order 1.5. It also further defines where use of a canine falls on the continuum. (Exh. D, p. 24, 31.) The policy states that canine handlers must abide by the same rules as other GPD officers, which would include all departmental policies, including those regarding probable cause and the use of force. (Exh. D, p. 4.)

12. After the incident on August 4, 2010, when Officer Owens' canine apprehended Jared Wolffis by biting him on the leg, Officer Owens submitted his Apprehension Canine Report and his supervisor prepared a Use of Force Report. These are attached as Composite Exhibit K. The officer's actions were reviewed by the GPD and summarized in a November 17, 2010, report, attached as Exhibit L, which found that he followed GPD and Canine Unit policies and the use of force was appropriate.

13. The GPD investigates possible misconduct by its officers through this process and an internal affairs investigation when necessary, and metes out discipline, up to and including

3

dismissal, when it is warranted. The department does not condone misconduct by the officers, and would not have condoned misconduct by Officer Owens in this incident.

14. Based on Officer Owens' Apprehension Canine Report and the other officers' reports, it was not objectively unreasonable or excessive for Officer Owens to deploy the K-9 to track and apprehend Mr. Wolffis who was believed to have committed the felony of Grand Theft Auto and was fleeing from the police officers.

FURTHER AFFIANT SAYETH NAUGHT.

DATE: 4-6-15

_____
TONY JONES

SWORN TO AND SUBSCRIBED before me this 6th day of April, 2015, by TONY JONES, who is personally known to me or who produced ___Known___ as identification.

_____
Notary Public

RHONDA L. OSBORNE
Commission # FF 066511
Expires December 16, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

4